NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ALEJANDRO HUETO, | No.   21-1357 |
| Petitioner, | |
| v. | Agency No. A208-081-283 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2023[**]
San Francisco, California

Before:  BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

Petitioner Carlos Alejandro Hueto, a native and citizen of Mexico, petitions

for review of an order from the Board of Immigration Appeals' ("BIA") dismissing

his appeal of an order from an Immigration Judge ("IJ") (collectively, "the

Agency") denying his applications for cancelation of removal, asylum, withholding

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture. Because the parties are familiar with the facts, we do not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA adopts the IJ's reasoning, we review both the IJ's and the BIA's decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review legal conclusions de novo and factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We deny the petition.

1. The Agency correctly concluded that the proposed social group of "Mexican males who spent a prolonged time in the United States and returned to Mexico" is not cognizable based on precedent. *See Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) ("We conclude that Petitioners' proposed social group, 'returning Mexicans from the United States,' . . . is too broad to qualify as a cognizable social group."); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("[W]e hold that the proposed group of 'imputed wealthy Americans' is not a discrete class of persons recognized by society as a particular social group.").

For the foregoing reasons, substantial evidence also supports the Agency's determination that Petitioner's application for withholding was not viable.

2. The BIA did not err by dismissing Petitioner's CAT claim. Substantial evidence supports the Agency's denial of Petitioner's CAT claim on the grounds

that he failed to demonstrate "a greater than fifty percent chance of torture." *Oyeniran v. Holder*, 672 F.3d 800, 803 (9th Cir. 2012) (quoting *Edu v. Holder*, 624 F.3d 1137, 1145 n.16 (9th Cir. 2010)).  Petitioner's fear of generalized violence in Mexico does not establish that it is more likely than not that Petitioner in particular would be tortured in Mexico with the consent or acquiescence of any public official or person acting in an official capacity.  *See Delgado-Ortiz*, 600 F.3d at 1152.

3.  Petitioner forfeited any challenge to the Agency's denial of his application for cancellation of removal because he failed to raise the issue in his opening brief.  *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.").

**PETITION DENIED.**